

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Affirmed by C-338

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6290
Re: Does the discount on the early
payment of taxes apply to the
road and common school district
taxes, without a special order
being passed by the commissioners
court?

Your letter of November 15, 1944, presents for
the opinion of this department the question of whether or
not under S. B. No. 102, Acts of the 46th Legislature, 1939,
the discounts therein provided for the early payment of ad
valorem taxes is applicable to common school districts and
road districts, which are assessed and collected upon the
State and county tax rolls, without an order of the commis-
sioners court allowing the same.

Our opinion No. O-1262 holds in effect that all
taxes charged on the general tax roll must be paid and
receipted for by the tax collector at the same time, and
these include the State, county, common school, and road
district taxes, and we adhere to that opinion for the
reasons therein stated. We have not overlooked Article
7336e, V. R. C. S., which would seem to authorize a departure
from the law requiring the payment of common school district
taxes assessed upon the State and county tax rolls to be paid
at the same time State and county taxes are paid; but we
think that this article is meant to apply to delinquent taxes
and not current taxes. It is codified as a part of Chapter 10,
Delinquent Taxes, V. R. C. S., Title 122. This chapter con-
tains Articles 7319 to 7345d, inclusive, under the heading
"Delinquent Taxes." In any event it is observed that the tax
collector is not authorized to issue his final receipt evidenc-
ing the payment thereof until the other taxes assessed upon
the same roll are paid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, page 2

If, however, said opinion should be inferentially construed as holding in effect that the discounts provided for in S. B. 402, supra, are applicable to county, common school, and road district taxes only in the event that the commissioners court, by an order, invokes the provisions thereof, we have stated the law to be different in our opinion No. O-6124, which had to do only with county taxes.

We have reached the conclusion for the same reasons stated in our opinion No. O-6124, and for the additional reasons we shall discuss in this opinion, that the proviso provisions of S. B. 402, supra, are not applicable to county, common school, and road district taxes. That the Legislature under the express power conferred upon it by H. J. R. No. 23, submitted by the 45th Legislature, and adopted August 23, 1937, as Section 20, Article 8, of the Constitution, in passing the enabling act pursuant to that amendment, which is Senate Bill 402, supra, did not mean to make the allowance of the discounts to county, common school and road district taxes dependent upon the arbitrary discretion of the commissioners court of the respective counties of the State, we entertain no doubt. This we shall endeavor to demonstrate at the risk of being tedious and of extending this opinion beyond normal length.

First, let us examine this constitutional amendment. It reads as follows, including the caption:

"HOUSE JOINT RESOLUTION

"House Joint Resolution proposing an Amendment to the Constitution of the State of Texas to be known as Section 20 of Article VIII, providing that no property of any kind shall be assessed for ad valorem taxes at a greater value than its fair cash market value; and giving the Legislature power to provide that the State and all governmental or political subdivisions or taxing districts may allow a discount for payment of ad valorem taxes before the date when they would otherwise become delinquent; and providing that this Amendment shall become effective January 1, 1939; providing for an election on the question of adoption or rejection of this Amendment; providing for the proclamation and publication thereof; and making an appropriation therefor; and prescribing the form of ballot.

Hon. Geo. H. Sheppard, page 3

"Be it resolved by the Legislature of the State of Texas:

"SECTION 1. That the Constitution of the State of Texas be amended by adding a new Section to Article VIII to be known as Section 20 and to read as follows:

"Section 20. No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value nor shall any Board of Equalization of any governmental or political subdivision or taxing district within this State fix the value of any property for tax purposes at more than its fair cash market value; provided that in order to encourage the prompt payment of taxes, the Legislature shall have the power to provide that the taxpayer shall be allowed by the State and all governmental and political subdivisions and taxing districts of the State a three per cent (3%) discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; and the taxpayer shall be allowed a two per cent (2%) discount on said taxes if paid sixty (60) days before said taxes would become delinquent; and the taxpayer shall be allowed a one per cent (1%) discount if said taxes are paid thirty (30) days before they would otherwise become delinquent. This amendment shall be effective January 1, 1939. The Legislature shall pass necessary laws for the proper administration of this Section.

"SEC. 2. The foregoing Constitutional Amendment shall be submitted to a vote of the qualified electors of this State at a special election to be held throughout the State of Texas on the 23rd day of August, 1937, at which election all voters favoring the proposed Amendment shall write or have printed on their ballots the following words:

"FOR the Amendment to the State Constitution providing that property shall never be assessed for taxes at more than its fair cash market value, and providing that in order to encourage the prompt payment of ad valorem taxes, the Legislature shall have the power to permit a discount for the payment of same before they become delinquent.

Hon. George H. Sheppard, page 4

"Those voters opposing said proposed Amendment shall write or have printed on their ballots the words:

"AGAINST the Amendment to the State Constitution providing that property shall never be assessed for taxes at more than its fair cash market value, and providing, that in order to encourage the prompt payment of ad valorem taxes, the Legislature shall have the power to permit a discount for the payment of same before they become delinquent.

" . . ."

The pertinent provisions of the caption read as follows:

". . . and giving the Legislature power to provide that the State and all governmental or political sub-divisions or taxing districts may allow a discount for payment of ad valorem taxes before the date when they would otherwise become delinquent; and providing that this Amendment shall become effective January 1, 1939;"

We have searched for some language in this constitu-tional amendment that would justify the conclusion that the electorate was put upon notice in voting upon the same that its benefits, whatever they might be, were to be left to the discretion of the commissioners court of the respective counties, or that it was to operate upon a local option basis, dependent upon the exercise of the discretion of the commissioners court. If this had been the intention of the Legislature in submitting it to the vote of the people, is it not reasonable to assume that the Legislature would have fixed some reasonable and rational standards for the guidance of the commissioners court in the exercise of their discretion.

In construing a statute the constitutional provision upon which it rests is quite important. Many authorities recognize the rule; the latest by our Supreme Court is the case of Brazos River Conservation and Reclamation District v. Costello, 143 S. W. (2d) 577, which states it thus:

"A statute may be read in connection with the constitu-tional provisions authorizing the enactment of such statute. In other words, construing the statute, constitutional provisions may be read into and considered a part of the statute. 39 Tex. Jur., p. 157, Sec. 85."

Hon. Geo. H. Sheppard, page 5

We do not find it necessary, however, to pass upon the question of whether or not the Legislature could, within the limitations of the Constitution, delegate this unqualified discretionary power to the commissioners court, for in our view it has not done so. The above comment is for the purpose only of demonstrating the absence of a legislative intent insofar as county, common school, and road district taxes are concerned, all assessed upon the same roll as State taxes, that the law should be so construed as to make the proviso applicable to county, common school, and road district taxes.

When we come to examine the provisions of Senate Bill 402 in its entirety what do we find? The pertinent parts of the bill, including the caption, read as follows:

"DISCOUNTS FOR ADVANCE PAYMENT OF AD VALOREM TAXES.

"An Act providing for tax discounts to all taxpayers for taxes due the State and all governmental and political subdivisions and taxing districts; prescribing the mode, manner, and amount of such discounts; and providing that the same shall not apply to cities, towns, school districts and other governmental subdivisions unless and until the governing bodies thereof shall, by proper ordinance or order, adopt the provisions hereof; giving such governmental subdivisions authority to designate the months in which such discounts shall be allowed, and providing that the same shall not apply to the split payment of taxes in such governmental subdivisions; repealing Section 1 of Chapter 10 of the Acts of the Fourth Called Session of the Forty-third Legislature; amending Section 2 of Chapter 10 of the Acts of the Fourth Called Session of the Forty-third Legislature by fixing the time when poll taxes and ad valorem taxes shall become delinquent; prescribing the duties of the Comptroller of Public Accounts; repealing all laws and parts of laws in conflict with this Act; declaring the Legislative intent; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"SECTION 1. All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions: (a) three (3%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or

Hon. Geo. H. Sheppard, page 6

taxing district of the State, if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; (b) two (2%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid sixty (60) days before the date when they would otherwise become delinquent; (c) one (1%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid thirty (30) days before the date when they would otherwise become delinquent. Provided, however, that the provisions of this section shall not apply to water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns and independent school districts unless and until the governing body of such water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns, or independent school districts by ordinance, resolution or order, shall adopt the provisions hereof; and in the event any such water improvement district, irrigation district, levee district, water control district, and other governmental subdivisions, city, town or independent school district elects to allow such discounts, then the governing body of each water improvement district, irrigation district, levee district, water control district, and other governmental subdivisions, city, town or independent school district, shall have power, by the ordinance, resolution or order levying the annual taxes, to designate the months in which such discounts of three (3%) per cent, two (2%) per cent, and one (1%) per cent respectively shall be allowed, but in no event shall the same apply to split payment of taxes.

"SEC. 2. Section 1 of Chapter 10 of the Acts of the Fourth Called Session of the Forty-third Legislature, the same being Article 7255a of Vernon's Revised Civil Statutes of 1936, having been held invalid by the courts, is hereby repealed.

"SEC. 3. Section 2 of Chapter 10 of the Acts of the Fourth Called Session of the Forty-third Legislature, the same being Article 7336, Vernon's Revised Civil Statutes of 1936, is hereby amended so as hereafter to read as follows:

Hon. Geo. H. Sheppard, page 7

"Article 7336. (a) If any person shall pay, on or before November thirtieth of the year for which their assessment is made, one-half ($\frac{1}{2}$) of the taxes imposed by law on him or his property, then he shall have until and including the thirtieth day of the succeeding June, within which to pay the other one-half ($\frac{1}{2}$) of his said taxes without penalty or interest thereon.

"If said taxpayer, after paying said one-half ($\frac{1}{2}$) of his taxes on or before November thirtieth, as hereinbefore provided, shall fail or refuse to pay, on or before June thirtieth next succeeding said November, the other one-half ($\frac{1}{2}$) of his said taxes, a penalty of eight (8%) per cent of the amount of said unpaid taxes shall accrue thereon.

"If any person fails to pay one-half ($\frac{1}{2}$) of the taxes, imposed by law upon him or his property, on or before the thirtieth day of November of the year for which the assessment is made, then unless he pays all of the taxes (imposed by law on him or his property), on or before the thirty-first day of the succeeding January, the following penalty shall be payable thereon, to-wit: During the month of February, one (1%) per cent; during the month of March, two (2%) per cent; during the month of April, three (3%) per cent; during the month of May, four (4%) per cent; during the month of June, five (5%) per cent; and on and after the first day of July, eight (8%) per cent.

"(b) All poll taxes and all ad valorem taxes, unless one-half ($\frac{1}{2}$) thereof have been paid on or before November thirtieth as hereinabove provided, shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts. If one-half ($\frac{1}{2}$) of said ad valorem taxes have been paid on or before the thirtieth day of November as herein provided, the remaining one-half ($\frac{1}{2}$) of such taxes shall be delinquent if not paid before the first day of July of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts.

Hon. Geo. H. Sheppard, page 8

"(c) If one-half (½) of such ad valorem taxes have been paid on or before November thirtieth of the year in which the same are assessed, the discounts herein provided for shall be effective and shall apply to the last half of the ad valorem taxes if paid ninety (90), sixty (60), and thirty (30) days, respectively, prior to the first day of July, when the same become delinquent as herein provided; but such discount shall not apply to the first half of such taxes if the same have been paid on or before November thirtieth of the year in which such assessment is made.

"(d) All delinquent taxes shall bear interest at the rate of six (6%) per cent per annum from the date of their delinquency. All penalties and interest provided for in this Act shall, when collected, be paid to the State, counties, and districts, if any, in proportion to the taxes upon which the penalty and interest are collected. All discounts provided for in this Act shall, when allowed, be charged to the State, counties, and districts, if any, in proportion to the taxes upon which such discounts are allowed."

We direct attention first to the caption of the bill. It says:

"An Act providing for tax discounts to all taxpayers for taxes due the State and all governmental and political subdivisions and taxing districts; prescribing the mode, manner, and amount of such discounts; and providing that the same shall not apply to cities, towns, school districts and other governmental subdivisions unless and until the governing bodies thereof shall, by proper ordinance or order, adopt the provisions hereof; giving such governmental subdivisions authority to designate the months in which such discounts shall be allowed, and providing that the same shall not apply to the split payment of taxes in such governmental subdivisions; . . . "

It is to be observed that the term "counties," "common school," or "road district" is not used in the caption, and nowhere in the body of the bill does the term "common school district" or "road district" occur. Only one time in the body of the bill does the word "counties" occur, and that is in sub-section (d) of Section 3, which will be adverted to later.

Hon. Geo. H. Sheppard, page 9

Section 1 of the bill, in fixing the scope of the application of the discounts provided in the Act, says:

"All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State."

Therefore, in order for the Act to apply to counties, common school, and road district taxes, we must place counties, common school and road districts under one or the other of the foregoing, namely, governmental subdivision, political subdivision, or taxing district. As pointed out in our opinion No. O-6124, and the authorities therein cited, a county is a political subdivision of the State, hence we have no difficulty in finding a place for counties in the general scope of the bill. We shall refer to common school and road districts more in detail later. But the question arises, is not a county also a "governmental subdivision"? After fixing the scope of the bill, "political subdivision" is not thereafter used; but the term "governmental subdivision" is repeatedly used, and the sense in which this term is used by the Legislature is by the express terms of the Act when consistently construed, not applicable to counties. Bear in mind that without the provisos, which were added by way of amendments to the bill as originally introduced, as is disclosed by an examination of the original bill and the amendments on file in the office of the Secretary of State, which examination we have made, the discounts are allowed all taxpayers for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State. The proviso limiting the scope of the application of the discounts reads as follows:

"Provided, however, that the provisions of this section shall not apply to water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns and independent school districts unless and until the governing body of such water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns, or independent school districts by ordinance, resolution or order, shall adopt the provisions hereof; and in the event any such water improvement district, irrigation district, levee district, water control district, and other governmental subdivisions, city, town

Hon. Geo. H. Sheppard, page 10

> or independent school district elects to allow such
> discounts, then the governing body of each water
> improvement district, irrigation district, levee
> district, water control district, and <u>other govern-
> mental subdivisions</u>, city, town or independent school
> district, shall have power, by the ordinance, resolu-
> tion or order levying the annual taxes, to <u>designate
> the months in which such discounts of three (3%) per
> cent, two (2%) per cent, and one (1%) per cent respect-
> ively shall be allowed,</u> but in no event shall the same
> apply to <u>split payment of taxes.</u>"

We pause here to say that if it was the intention
of the Legislature to include counties under the term of
"other governmental subdivisions" -- and that is the only
place that it could be placed in the proviso -- then by
saying that the commissioners court of the county could
designate the months in which such a discount of three (3%)
per cent, two (2%) per cent, and one (1%) per cent, respect-
ively, shall be allowed, this would be in conflict with the
general law fixing the date upon which State and county taxes
become delinquent.  In other words, the general law has fixed
February 1st, except on the last half of split payments, as
the time that State, county and other taxes, such as common
school and road district taxes assessed upon the State and
county rolls, become delinquent; and the commissioners court
has no power to change this date.  If the split payment
provision is adopted by the taxpayer in accordance with the
terms of the bill, July 1st is fixed as the delinquency date
for the second installment, and this date is fixed by general
law and cannot be changed by an order of the commissioners
court.  It is observed that by the following language appear-
ing at the end of Section 4, "but in no event shall the same
apply to split payment of taxes," meaning as observed from
the caption that the discounts are not to be allowed to the
split payment of taxes in such governmental subdivisions as
referred to in the proviso.

If counties are to be placed under the classification
of "other governmental subdivisions" used in the proviso, then this
would be in direct conflict with Subsection (c) of Section 3, which
provides:

Hon. Geo. H. Sheppard, page 11

"If one-half (½) of such ad valorem taxes have been paid on or before November thirtieth of the year in which the same are assessed, the discounts herein provided for shall be effective and shall apply to the last half of the ad valorem taxes if paid ninety (90), sixty (60), and thirty (30) days, respectively, prior to the first day of July, when the same become delinquent as herein provided; but such discount shall not apply to the first half of such taxes if the same have been paid on or before November thirtieth of the year in which such assessment is made."

Thus we see that the bill provides for a discount for advance payment of the second half of the split payment of county taxes, which would be in conflict with its prior provision if we say that counties are governmental subdivisions included in the proviso. That the split payment provision is applicable to the State, County, common school and road district taxes assessed upon the State and county rolls, insofar as we are aware, has never been questioned. It is clear, we think, that when the Legislature used the term "other governmental subdivisions," which follows the enumeration of the following: water improvement districts, irrigation districts, levee districts, water control districts, it meant such other governmental subdivisions similar to those enumerated. This is clear from a reading of the caption.

If the rule of edjusdem generis applies, and we think it does, and the use of the term "other governmental subdivisions" means such as are similar to those enumerated preceeding the term, then we think counties would not be included, and were not intended to be included by the Legislature in the use of the term "other governmental subdivisions"; for counties have little, if any, of the characteristics of a water improvement district, irrigation district, levee district, water control district; its functions are primarily political. It was so stated in Orndorff v. State, 108 S. W. (2d) 206, (W.E. denied) in the following language:

"Counties are created by the state for the purposes of government. Their functions are political and administrative, and the powers conferred upon them are rather duties imposed than privileges granted." Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am.St.Rep. 63."

Hon. Geo. H. Sheppard, page 12

If we leave counties where we think the Legislature intended to place them, under "political subdivisions" which appears in the general enacting clause, but does not appear in the proviso, then we have no difficulty in harmonizing all of the provisions of the Act. That this is the construction that should be adopted in construing an act, we do not think requires the citation of numerous authorities, but the following will be sufficient: Ringling Bros. Barnum & Bailey Combined Shows v. Sheppard, 123 F. (2d) 773, C.C.A. Tex. (Certiorari denied by U. S. Supreme Court); Wood v. State ex rel Lee, 126 S. W. (2d) 4, (Supreme Court.

It is significant to note a part of the provision of Subsection (d) of Section 3, which reads as follows:

"All discounts provided for in this Act shall, when allowed, be charged to the State, counties, and districts, if any, in proportion to the taxes upon which such discounts are allowed."

Thus, there is evidenced a legislative intent to treat State, county and district taxes, if any, (and we think "districts, if any" means common school and road district taxes, for they are the ones that are assessed and collected upon the State and county roll by the tax assessor-collector) as a unit and with uniformity.

Moreover, "A statute will not be construed so as to ascribe to the Legislature an intention to do an unjust or an unreasonable thing, if such statute is reasonably susceptible of a construction that will not accomplish such a result." This is the exact language of the Supreme Court of Texas in the case of Anderson v. Penix, 161 S. W. (2d) 455. Therefore, if we say that it was the intention of the Legislature to include counties, common school and road districts in the proviso, we must ascribe to the Legislature an intent to disregard the above salutary rule of statutory construction. For, as stated in our opinion No. 0-6124, the result would be that the taxpayer would be required, when he pays his State taxes, to get the benefit of the discount for early payment, to pay at the same time his county, common school and road district taxes before they would otherwise become delinquent under the law, if the commissioners court had not acted thereon.

Hon. Geo. H. Sheppard, page 13

If the Act is considered in its entirety, including the caption, as we must under the rules laid down in the case of Anderson v. Penix, supra, to ascertain the legislative intent, we think there is little necessity for construction. But assuming that in some respects it may be considered as ambiguous, then all the rules of statutory construction familiar to us bear out the conclusions which we have reached. If we leave "counties" under the term of "political subdivisions," which we think is where the Legislature meant that they be placed, and not try to place them under "governmental subdivisions" in the proviso, which in our view the Legislature has adopted for a different purpose, as pointed out above, then there is no conflict with the provision in the proviso that the districts therein enumerated and other "governmental subdivisions" may designate the month in which such discounts shall be allowed, and no conflict in the provision in the proviso that in no event shall the same apply to split payment of taxes, and no conflict with the rule of statutory construction pronounced in the case of Anderson v. Penix, supra, noted above.

The use of the term "governmental subdivision" is made clear in the caption, for it is noted that the caption says "and providing that the same shall not apply to cities, towns, school districts, and other governmental subdivisions, unless and until the governing bodies thereof shall, by proper ordinance or order, adopt the provisions hereof; giving such governmental subdivisions authority to designate the months in which such discounts shall be allowed, and providing that the same shall not apply to the split payment of taxes in such governmental subdivisions;" thus making it clear that the Legislature intended in the use of, and in dealing with, "other governmental subdivisions" to include those that could designate the months such discounts should apply, and could consistently be denied the split payment privilege, none of which could apply to county, school district, and road taxes assessed and collected upon the general roll with State taxes. We think it significant that the Legislature did not use anywhere in the Act the term "common school districts" or "road districts," although in the proviso other commonly recognized districts are specifically mentioned. But, as pointed out above, in Subsection (d) of Section 3 of the Act, it is provided "All discounts provided for in this Act shall, when allowed, be charged to the State, counties and districts, if any, in proportion to the taxes upon which such discounts are allowed," thus recognizing the unity and uniformity existing between them under the law.

Hon. Geo. H. Sheppard, page 14

Districts, if any, we think would logically apply to common school and road district taxes assessed and collected upon the general State and county rolls at the same time, and receipted for by the tax collector upon the same receipt. Since "political subdivisions," under which we think counties properly fall, and common school and road districts are not specifically mentioned in the proviso, the effect is to leave them under the general scope of the bill. Where a proviso appears in an act, the rule is that all that is not specifically included in the proviso is left under the general terms of the bill; the following authorities so hold: Broughton v. Humble Oil & Refining Co., 105 S. W.(2d) 480, (W. E. refused); Federal Reserve Bank of Dallas v. Webster, 287 F. 579; Campbell v. Wiggins, 21 S. W. 599, (S. Ct.); Gulf, Colorado & Santa Fe Railway Co. v. Temple Grain & Hay Co., 58 S. W.(2d) 47, (Com. App.); Hudmes v. Colson, 154 S. W. 661.

While your opinion request asks specifically about common school and road district taxes, which under general law (Articles 2784 and 2795, V. R. C. S., applying to common school districts, and Articles 752a, 752k, 752l, 752m, 752n, applicable to road districts, also see Article 2352, V. R. C. S., applicable to the latter) are assessed and collected and receipted for by the tax collector from the general roll of State, county and common school and road district taxes, we have taken occasion to elaborate and to consider Senate Bill No. 402 quite in detail in its application to counties, also; which we covered in our previous opinion No. 0-6124, for in our view counties, common school and road district taxes are not covered by the proviso of Section 1 of the Act.

The underscoring throughout this opinion is our own.

You are, therefore, respectfully advised that it is our opinion that all taxpayers shall be allowed a discount for the payment of taxes due the county, common school districts, and road districts assessed and collected upon the State and county rolls under the terms of S. B. No. 402, when timely paid, the same as upon State taxes, without any action on the part of the commissioners court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
Assistant

APPROVED DEC 15, 1944

ATTORNEY GENERAL OF TEXAS

LPL:AMM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN